FILED
2012 Nov-21 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

FILED
2012 NOV 21 AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

CV-12-AR-3934-S -RRA

Angelo T. Cooper

Inmate Identification Number: S0 40 88

Angelo Tyrone Cooper
(Enter above the full name of the plaintiff in this action)

> *NOTICE TO FILING PARTY*
>
> *It is your responsibility to notify the clerk in writing of any address change.*
>
> *Failure to notify the clerk may result in dismissal of your case without further notice.*

vs.

Roxanna Bender, Facility Director
Jay Henderson, Program Director
Dr. K. Vansickle, Staff Doctor - Patrica Lyons, Quality Manager
Jim Reddoch Commissioner - Laci McCafferty, Social Worker - ET. AL...
(Enter above full name(s) of the defendant(s) in this action)

I. Previous lawsuits

A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes (X) No ( )

B. If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff: Angelo Tyrone Cooper (Pro-se)

Defendant(s): Alabama Dept. of Mental Health, Roxanna Bender, Jay Henderson, Jim Reddoch, Dr. K. Vansickle, Lacie McCafferty ET. AL...

2. Court (if Federal Court, name the district; if State Court, name the county) Tuscaloosa County Circuit Court, Tuscaloosa Alabama

3. Docket number CV2012-000413 Petition for Writ of Mandamus

4. Name of judge to whom case was assigned Brad M. Almond, Judge

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Dismissed w/o prejudice

6. Approximate date of filing lawsuit Mandamus filed August 29, 2012

7. Approximate date of disposition October 11, 2012

II. Place of present confinement Taylor Hardin S. M. F.

A. Is there a prisoner grievance procedure in this institution?
Yes ( X ) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes ( X ) No ( )

C. If your answer is YES:

1. What steps did you take? Filed Complaint with Advocate And facility Director, And Treatment Team

2. What was the result? All stages of Process Denied And Policy Initiated Against me to further Cause Harm

D. If your answer is NO, explain why not: N/A

III. Parties.
In item (A) below, place your name in the first blank and place your present address in the second blank.

A. Name of Plaintiff(s) Angelo Tyrone Cooper

Address TAYLOR HARDIN S.M.F. 1301 JACK WARNER PKWY NE. TUSCALOOSA, AL 35404

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B. Defendant ROXANNA BENDER

Is employed as FACILITY DIRECTOR

at TAYLOR HARDIN S.M.F. 1301 JACKWARNER PKWY NE TUSCALOOSA, AL 35404

C. Additional Defendants JAY HENDERSON, PROGRAM DIRECTOR - DR. K. VANSICKLE STAFF DOCTOR - PATRICA LYONS, QUALITY MANAGER, - JIM REDDOCH, MENTAL HEALTH COMMISSIONER, - LACIE McCAFFERTY, SOCIAL WORKER ET. AL...

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. <u>Do not give any legal arguments or cite any cases or statues.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

PLEASE SEE ATTACHMENTS (Pg1; Pg2, Pg3)

# STATEMENT OF CLAIMS

## ATTACHMENT NO: I.

CLAIM NO: I - NO LAW LIBRARY

TAYLOR HARDIN S.M.F. IS A FACILITY WITHIN THE ALABAMA DEPARTMENT OF MENTAL HEALTH. IT'S FUNCTIONAL NATURE IS TO HOUSE THE CRIMINALLY INSAIN AND PROVIDE FORENSIC TREATMENT FOR THE INVOLUNTARILY COMMITTED. THE ONLY WAY TO GAIN ADMISSION TO THIS FACILITY AS A CLIENT IS BY COURT ORDER AND THE ONLY WAY TO GAIN RELEASE IS BY COURT ORDER... SOME ARE DETAINED PRETRIAL AND HAVE ACTIVE CRIMINAL CASES ONGOING AND OTHERS ARE DETAINED POST-TRIAL AND ARE ACTIVELY ENTERTAINING APPEALANT ISSUES OR OTHER POST FAL-TO LEGALLY ISSUES IN PURSUIT OF THEIR LIBERTY.

I AM A POST-TRIAL DETAINEE SENT TO TAYLOR HARDIN BY MONTGOMERY COUNTY CIRCUIT COURT INVOLUNTARILY ON JULY 18, 2012. UPON MY ADMISSION TO TAYLOR HARDIN I MADE THE FACILITY "TREATMENT TEAM" (AT WHICH TIME WAS COMPOSED OF NAMED DEFENDANT'S - LACIE MCCAFFERTY, DR. K. VANSICKLE, PATRICIA LYONS, AS WELL AS OTHER UNNAMED STAFF), AWARE OF MY ACTIVE ENGAGEMENT OF TWO LEGAL PROCEEDING AND OF MY (PROSE) STATUS. I FURTHER, INFORMED THEM OF MY DESIRE TO FILE (PRO SE) FOR MY RELEASE THROUGH RULE 25.8 THE ONLY SU[...] AVENUE FOR MY RELEASE.

I REQUESTED LAW LIBRARY TIME THROUGH THE PROPER CHANNELS "TREATMENT TEAM" AND WAS TOLD THAT I WOULD NOT BE PROVI[...] A LAW LIBRARY OR SPECIAL TIME TO DUE LAW WORK.

I WAS ONLY ALLOWED 15 MINUTES IN THE GENERAL LIBRARY which does HAVE A FEW DELIPIDATED Code of Alabama Law books From 1978 UP TO The most Recent 2000. No Rules of COURT. NO COURT REPORTERS. NO BLACK LAW. NO So 2d's. NO COMPUTER ACCESS, NO COPY MACHINE. NO TYPE WRITER THAT WORKS. NO FEDERAL LAW, NO CASE LAW, NO CARBON PAPER, NO LEGAL FORMS. NO TRAINED STAFF. "NO LAW LIBRARY"

I BROUGHT THIS TO THE ATTENTION OF MY SOCIAL WORKER DEFENDANT "LACIE MCCAFFERTY." MRS MCCAFFERTY STATED TO ME *That she UNDERSTANDS MY COMPLAINT BUT DR. VANSICKLE MAKES THE DECISIONS SHE WOULD TALK TO HER BUT SHE doubt IF ANY CHANGE WILL BE MADE ALSO SHE STATED THAT I Should GET A LAWYER TO DO LEGAL WORK And NOT DO IT MYSELF.* I EXPLAIN THAT I WAS INDIGENT And Could HANDLE MY OWN LEGAL ISSUES WITH THE PROPER TOOLS & ACCESS TO A PROPER LAW LIBRARY.

I TALKED TO DEFENDANT "JAY HENDERSON". The PROGRAM DIRECTOR", I TOLD HIM THAT THE LIBRARY WAS OUTDATED And The MOST RELEVANT PARTS of The LAW LIBRARY WAS MISSING. "HE SAID HE WOULD CHECK INTO IT"

I TALKED TO The FACILITY DIRECTOR DEFENDANT "ROXANNA BENDER" She SAID TO, "TAKE IT UP WITH THE TREATMENT TEAM"

I filed TWO FORMAL GRIEVANCES, ONE TO TAMMY WOODS' THE FACILITY ADVOCATE, And ANOTHER WITH ROXANNA BENDER. NO RESULTS.

I CALLED THE ALABAMA DEPT. OF MENTAL HEALTH ADVOCACY DIRECTOR IN MONTGOMERY "ALLEN FORESTON" HE DIVERTED ME BACK TO THE FACILITY.

I CALLED MENTAL HEALTH COMMISSIONER, JIM Reddoch DEFENDANT. AFTER THIS CALL MY PHONE AND MAIL WAS

RESTRICTED by TREATMENT TEAM.

I RAISED THE ISSUE AGAIN ON AUGUST 14, 2012 AT OR about 9:30 AM IN TREATMENT TEAM MEETING DR. VANSICKLE, PATRICA LYONS, LACIE MCCAFFERTY, DEFENDANTS marked by other unnamed Defendants was present I was stated to me that "they had decided that I could only go to the Library 30 minutes on Fridays and it did not matter what legal issues I had to Address and that she would not entertain any further conversation concerning the matter.

CLAIM TWO: DENIAL of DUE PROCESS by POLICY

AFTER I File Grievance And made Phone Calls to Montgomery And The Courts. The Treatment Team Restricted my MAIL to the Courts that I had Active Cases in And Restricted my Ability to Get to The Library By Implementing Unit Restrictions in Retaliation for me calling Montgomery. During this Time Frame The Court in Dale County on Case #DR. 2012-303 Entered A Default Judgement Against me. I Loss my Cars, my Household Goods, my money, $8,000.00, my Custody of my Children. And An unfavorable Divorce Judgment.

I Also was unable to Respond to Time Sensitive Issue In Montgomery County Case No: CV-2012-000672. In The matter of Habeas Corpus.

PATRICA LYONS PUT A Policy In Place not to Allow me to make Copys of Legal work. She Also Put Policy In Place I cant Contact The Courts.

V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

ORDER ALABAMA DEPARTMENT OF MENTAL HEALTH, TAYLOR HARDIN TO PROVIDE AN UPDATED "LAW LIBRARY" ALSO MAKE POLICY FOR INDIGENT DETAINEE TO HAVE FULL COURT ACCESS COPY, PAPER, PEN, CASE LAW, BLACK DICTIONARY, CODES, FEDERAL RULES; ECT.. COMPENSATE ME FOR MY LOSS OF 2010 BUICK LACROSSE, 2003 CROWN VICTORIA HOUSEHOLD GOODS, PAIN AND SUFFERING AND ANGUISH FOR SENTIMENTAL LOSE AND WHAT SO EVER JUSTICE MAY REQUIRE - AND DAMAGE IT MAY ASSESS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2012.

SIGNATURE [signature] ANGELO T. COOPER

ADDRESS 1301 JACKWARNER PKWY NE.
TUSCALOOSA AL 35404

FILE ~~AIS #~~ 504088